## J. Austin Dunn Specialty Company for use of Thomas P. Baird, Plaintiff in Error, v. Alice L. Dunn, Administratrix, Defendant in Error.

### Gen. No. 22,472.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed December 18, 1916.

### Statement of the Case.

Proceeding in the Probate Court by J. Austin Dunn Specialty Company, a corporation, for the use of Thomas P. Baird, claimant, against Alice L. Dunn, administratrix of the estate of J. Austin Dunn, deceased, respondent, to establish a claim against the estate of a deceased person and for an accounting for funds alleged to belong to the claimant corporation of which the deceased had been president and who had mingled his own funds with those of the corporation. To review a judgment after trial in the Circuit Court disallowing the claim, the respondent prosecutes a writ of error.

ABRAM L. MYERS and RICHARD P. GARRETT, for plaintiff in error.

THEODORE S. CHAPMAN, for defendant in error; WILLIAM E. FREER and WOODRUFF J. PARKER, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 259*—*what is effect of officer mingling his funds with those of corporation.*  Where a president of a corporation had mingled his own funds with those of the corporation, but the books of the latter were so kept that its funds could be ascertained and separated from those of the president, *held* that such mingling would not entitle the corporation to claim the entire fund.

2. ACCORD AND SATISFACTION, § 6*—*when settlement between corporation and officer is bar to action.*  Where the president of a corporation had mingled his own funds with those of the corporation and after an account stated had been made between the parties and a settlement had by the corporation paying the president the amount owing him, *held* that such settlement was a bar to a proceeding for an accounting between the corporation and the deceased president's personal representative based on the theory that such mingling of funds entitled the corporation to the entire fund.

3. APPEAL AND ERROR, § 1466*—*when admission of improper evidence will not justify reversal.*  The admission of improper evidence will not justify a reversal where the same result would have been reached had such evidence not been admitted.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.